UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KUNG-BAO P. OU-YOUNG**, <br> Plaintiff, <br> v. <br> **COUNTY OF SANTA CLARA, ET AL.**, <br> Defendants. | Case No. 23-mc-80222 <br> **ORDER DENYING LEAVE TO FILE** |
| **KUNG-BAO P. OU-YOUNG**, <br> Plaintiff, <br> v. <br> **COUNTY OF SANTA CLARA, ET AL.**, <br> Defendants. | Case No. 23-mc-80223 |

Pursuant to the Vexatious Litigant Orders issued with respect to plaintiff Kung-Bao P. Ou-Young, the undersigned, as duty judge, determines if the above-captioned cases may be filed.

\*\*\*

By way of background, on December 20, 2013, Judge Chen issued a 17-page order "Declaring Plaintiff a Vexatious Litigant" in *Ou-Young v. Roberts, et al.*, 3:13-cv-04442, at docket number 40, requiring plaintiff to obtain leave of court "before filing any further suits alleging any violations of the federal criminal statutes, pursuant to 18 U.S.C. § 1512(b), 18 U.S.C. § 1512 (c), and 18 U.S.C. § 371, and the [Federal Tort Claims Act] FTCA, codified at 28 U.S.C. § 2671 *et seq.*, involving parties that he named in [that] case, or *Ou-Young I, Ou-Young II, Ou-Young III,* and *Ou-Young IV*, previously filed in this Court."

Then, on December 5, 2019, Judge Freeman filed a 16-page vexatious litigant order in *Ou-Young v. Lawrence E. Stone, et al.*, 19-cv-07000-BLF at docket number 26, requiring plaintiff to obtain leave of court before filing any complaint in a federal court or transferred to a federal court that "alleges claims against federal judges, including United States Supreme Court justices, federal circuit

judges, federal district judges, federal magistrate judges, and federal bankruptcy judges." The order provides:

> Of the dozens of lawsuits that Plaintiff has filed in this district, approximately half have asserted claims against federal judges. The suits against federal judges all appear to be based on judicial acts for which the defendant judges are absolutely immune. Until recently, Judge Chen's Vexatious Litigant Order sufficed to ensure that those suits were barred at the outset. However, in 2019 at least three civil actions against federal judges were opened, either because Judge Chen's order did not alert the Clerk's Office staff that screening was required or because the complaint did not involve the statutes or parties specified in Judge Chen's Order. Given Plaintiff's history of suing federal judges, and the recent spate of suits against federal judges that were not barred at the outset by Judge Chen's order, the Court concludes that an order requiring pre-filing review of complaints against federal judges is warranted. Such an order is narrowly tailored to address Plaintiff's documented propensity to sue federal judges. The order will not prevent Plaintiff from proceeding with any potentially meritorious claim against federal judges, but it will protect this court and federal judges from the burdens imposed by frivolous and harassing suits.

*Id.* p. 15 of 16.

\*\*\*

Having reviewed the above captioned cases, pursuant to Judge Freeman's order, the Court **DENIES** leave to file because the complaints.  Both 8-page complaints are virtually identical.  In action numbered 23-mc-80222, plaintiff attempts to sue thirty-six (36) persons arising out of his dissatisfaction with a decision of the Santa Clara County assessor in 2016 and the ensuing state litigation in 2021. With respect to the allegations against the federal judges and federal clerk's office employees, the complaint alleges one paragraph which takes issue with a judicial act of Judge Seeborg and then adds all other federal actors as "colluders."  Thus, the complaint fails to state a claim because they complain of judicial acts for which the judges are protected based upon absolute immunity and thus cannot be amended to state a valid claim.

The Clerk is ordered to close these cases.

**IT IS SO ORDERED.**

Dated: September 11, 2023

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE